People v Ortiz (2025 NY Slip Op 01236)

People v Ortiz

2025 NY Slip Op 01236

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
LOURDES M. VENTURA, JJ.

2023-05926
 (Ind. No. 235/21)

[*1]The People of the State of New York, respondent,
v
Anderson Ortiz, appellant.

Patricia Pazner, New York, NY (Sankeerth Saradhi of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Charles T. Pollak of counsel; Delorane Daley on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Toni M. Cimino, J.), rendered June 2, 2023, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the period of postrelease supervision imposed as part of the sentence was not excessive (see People v Dorfils, 207 AD3d 654, 654; People v Miller, 206 AD3d 940, 940; People v Suitte, 90 AD2d 80).
Although it is undisputed that the defendant was 19 years old at the time the underlying offense was committed, the record does not demonstrate that a waiver of the mandatory surcharge and fees was warranted under any of the grounds enumerated in CPL 420.35(2-a). Under the circumstances, and in the absence of the People's consent, we decline to waive the surcharge and fees imposed at sentencing in the interest of justice (see People v Robinson, 223 AD3d 917, 917; People v Dorfils, 207 AD3d at 654; People v Miller, 206 AD3d at 940).
DILLON, J.P., CHAMBERS, WAN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court